NOTICE

Decision filed 03/13/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250428-U

NO. 5-25-0428

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Perry County. |
| | ) | |
| v. | ) | No. 25-MR-9 |
| | ) | |
| A DR. CHAPMAN, D.D.S., | ) | Honorable |
| | ) | James W. Campanella, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BOLLINGER delivered the judgment of the court.
Justices Barberis and Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing plaintiff's *pro se* complaint/request for injunction, because the circuit court correctly concluded that it did not have the authority to step into the shoes of the federal court to remedy the alleged defiance of the injunctive order in question, which was issued by the federal court.

¶ 2    Plaintiff, Cleother Tidwell, is presently incarcerated at Pinckneyville Correctional Center (PCC). He appeals the judgment of the circuit court of Perry County that dismissed his complaint/request for injunction. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On April 28, 2025, plaintiff filed a handwritten *pro se* complaint/request for injunction (complaint). In the complaint, plaintiff alleged that defendant, who is identified in the complaint and accompanying documents only as "A Dr. Chapman D.D.S.," was a dentist at PCC. Plaintiff

1

alleged that defendant "willfully and intentionally defied" a preliminary injunction order (order) from the United States District Court for the Southern District of Illinois (federal court). A copy of the order was attached to the complaint as an exhibit. The order, which is dated June 16, 2016, states that a Dr. Asselmeier, and other unspecified defendants, are to provide plaintiff with (1) "quarterly cleanings from a qualified dental hygienist, including scaling and root planing," (2) "adequate supplies and instruction to maintain his daily oral hygiene in his cell," and (3) "an anti-bacterial mouth wash that can be dispensed on a medication line" or "a salt-water rinse or other appropriate substitute."

¶ 5    Plaintiff alleged defendant violated the order because defendant "refused" to provide plaintiff with "Listerine as ordered be given twice a day as the American Dental Association suggested and the [federal court] ordered to be adequately followed and supplied." Plaintiff alleged defendant's purported failure to comply with the order resulted in plaintiff "not receiving adequate dental treatment as enunciated by the court." Plaintiff further alleged defendant's conduct was "willful, malicious, and intentional," and stated that he was suing defendant in defendant's personal capacity. The complaint included a request for a preliminary injunction, wherein plaintiff asked the circuit court to order defendant "to increase the treatment to 'twice daily' instead of allowing [defendant's] cost-saving and retaliatory once-daily treatment."

¶ 6    On the same date the complaint was filed, April 28, 2025, the circuit court entered an order in which it dismissed the complaint on the court's own motion. The circuit court stated that the complaint attempted "to have this state circuit court mandatorily enjoin and enforce a federal court order." The circuit court added, "A state court has no such authority."

¶ 7    On May 5, 2025, plaintiff filed a motion for reconsideration. Therein, he stated that he disagreed with the circuit court, because the supremacy clause of the United States Constitution

provided "collateral jurisdiction" to state courts "to enforce federal laws and prisoners' federal rights." Plaintiff stated that he believed Illinois law provided for the same, but he did not cite any cases to support his belief. Plaintiff further stated that he had "a ban issued" against him which barred him from making any filings in the federal court "until 2027." The circuit court denied plaintiff's motion for reconsideration. This timely appeal followed.

¶ 8                                II. ANALYSIS

¶ 9     In his brief on appeal, plaintiff reiterates the contentions he raised in his motion to reconsider. He lists several cases that he claims support his contentions, but he does not analyze any of those cases in any meaningful manner, instead providing only short quotes from each case. Moreover, none of the cases listed by plaintiff concern the precise issue he argues "this appeal is all about," which he claims is "whether a state circuit court can enforce a federal injunction." Instead, the cases concern more broad questions about a state court's concurrent or collateral jurisdiction to consider federal claims, or claims related to federal rights, not whether a state court may enforce an existing injunctive order from a federal court. Plaintiff alleges he attempted to find cases directly on point, but that the limitations of the electronic research equipment he has access to at PCC prevented him from doing so. Plaintiff asks this court to use its "own knowledge of the law and interpretation of law to apply these quotes from [his cited cases] to the facts."

¶ 10    We first note that it is axiomatic that this court is not a depository into which an appellant such as plaintiff may dump the burden of argument and research. See, *e.g.*, *People v. Johnson*, 2021 IL App (5th) 190515, ¶ 29. To the contrary, this court is entitled to have the issues on appeal clearly defined, and to have pertinent authority cited and a coherent legal argument presented. *Id.* However, because the issue presented in this case is straightforward, we will overlook the deficiencies in plaintiff's brief and will consider his claim.

3

¶ 11 It is well established that "[c]ourts possess the inherent authority to enforce their own injunctive decrees." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). A federal "injunctive order is an extraordinary writ, enforceable by the power of contempt." *Gunn v. University Committee to End War in Viet Nam*, 399 U.S. 383, 389 (1970). If a party to a federal court's injunctive order believes the order has been defied or violated, the allegedly aggrieved party may seek a finding of contempt, and the federal court may punish defiance or violation of its order with such a finding. See, *e.g.*, *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 438-39 (1976); see also *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019) ("Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to 'coerce the defendant into compliance' with an injunction or 'compensate the complainant for losses' stemming from the defendant's noncompliance with an injunction.").

¶ 12 However, it is equally well established that a party seeking a finding of contempt must bring contempt proceedings, whether civil or criminal, in the court where the injunction was issued, because that is the court that was allegedly defied by a contumacious act. See, *e.g.*, *Ex parte Bradley*, 74 U.S. 364, 372 (1868); see also *MacKay*, 763 F.2d at 716 ("Enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order."). Put another way, "[t]he civil contempt power is, at its core, uniquely personal to each court." *Bruce v. Citigroup, Inc.*, 75 F.4th 297, 304 (2d Cir. 2023). Accordingly, a "theory of a free-wielding contempt authority, capable of exercise by one court on behalf of another court, would 'present the anomalous proceeding of one court taking cognizance of an alleged contempt committed before and against another court, which possessed ample powers, itself to take care of its own dignity and punish the offender.' " *Id.* (quoting *Ex parte Bradley*, 74 U.S. at 372).

¶ 13    In this case, plaintiff alleged in his complaint that defendant "willfully and intentionally defied" the order. In his request for a preliminary injunction, plaintiff asked the circuit court to force defendant to comply with the order by ordering defendant "to increase the treatment to 'twice daily' instead of allowing [defendant's] cost-saving and retaliatory once-daily treatment." However, plaintiff has provided no legal authority—and this court is aware of none—that would allow an Illinois circuit court to step into the shoes of the federal court to remedy the alleged defiance of the order, particularly where there is no evidence that the federal court does not possess "ample powers" to handle any defiance of its order on its own. Although plaintiff has alleged that he is not permitted to make any filings in the federal court "until 2027," he has not explained how this circumstance, if true, in any way alters the analysis above. Plaintiff chose to seek injunctive relief in the federal court, and pursuant to the precedent discussed above it is in that same court that he must now pursue his remedy if he believes, as he alleges in the complaint, that defendant has "defied" the order.

¶ 14                                    III. CONCLUSION

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court of Perry County.


¶ 16    Affirmed.